IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:17-cv-00197

| | |
|---|---|
| DISABILITY RIGHTS NORTH CAROLINA, | ) ) ) |
| Plaintiff | ) ) |
| v. | ) ) ) |
| LISA G. SPROUSE in her official capacity as Director of MCDOWELL COUNTY DEPARTMENT OF SOCIAL SERVICES, | ) ) ) ) ) |
| Defendant. | ) ) ) ) |

COMPLAINT

## INTRODUCTION

1. Plaintiff, Disability Rights North Carolina ("DRNC"), brings this action for declaratory and injunctive relief pursuant to the Protection and Advocacy for Individuals with Mental Illness Act ("the PAIMI Act"), 42 U.S.C. §§ 10801 *et seq.*, the Developmental Disabilities Assistance and Bill of Rights Act ("the DD Act"), 42 U.S.C. §§ 15001 *et seq.*, and the Protection and Advocacy of Individual Rights Program ("the PAIR Act"), 29 U.S.C. § 794e (collectively referred to as "the P&A Acts"). By this action, DRNC challenges the refusal of the Defendant, Lisa G. Sprouse, acting in her official capacity as Director of McDowell County Department of Social Services ("MCDSS"), to provide DRNC with records to which DRNC is legally entitled.

2. DRNC is the duly-designated state Protection and Advocacy System ("P&A") for individuals with disabilities. 42 U.S.C. § 10801(b). DRNC is entrusted, empowered and

obligated to protect the civil rights of individuals with disabilities in the state of North Carolina. *Id.*; 29 U.S.C. § 794e(a)(1); 42 U.S.C. § 15041.

3. As the state P&A, DRNC has the responsibility and authority to access records in the course of investigating allegations of abuse or neglect of individuals with disabilities. 29 U.S.C. § 794e(f)(2); 42 U.S.C. §§ 10805, 10806; 42 U.S.C. § 15043(I).

4. DRNC has requested certain records from Defendant to which it is entitled access under federal law. 42 U.S.C. § 10805(a)(1)(B); 42 C.F.R. § 51.42(b)(1).

5. Defendant's refusal to produce the requested records prevents DRNC from fulfilling its statutory mandates of investigating allegations of abuse and neglect as well as providing protection and advocacy services for individuals with disabilities. By this action, DRNC seeks an order from this Court requiring Defendant to provide the requested information so that DRNC may discharge its statutory duties and investigate the alleged abuse and neglect of an individual(s) with a disability.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), which grant this Court original jurisdiction in all actions authorized by 42 U.S.C. § 1983 to redress the deprivation under color of State law of any rights, privileges, or immunities guaranteed by the United States Constitution and Acts of Congress. Plaintiff's federal claim is made pursuant to the PAIMI Act, 42 U.S.C. §§ 10801 *et seq.*, the DD Act, 42 U.S.C. §§ 15001 *et seq.*, and the PAIR Act, 29 U.S.C. § 794e. Declaratory and injunctive relief is authorized by 28 U.S.C. §§ 2201 and 2202.

2

Case 1:17-cv-00197-DLH   Document 1   Filed 07/21/17   Page 2 of 9

7. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b)(1). All events and/or omissions giving rise to the claim occurred in McDowell County, North Carolina and Defendant may be found there.

PARTIES

8. Plaintiff DRNC, the P&A designated by the Governor of the State of North Carolina to provide protection and advocacy services to individuals with disabilities, is a "person" authorized to seek legal and equitable relief against organizations that deprive it of federally protected rights. DRNC, a non-profit corporation independent of state government, is incorporated in North Carolina and maintains its principal place of business in Raleigh, North Carolina.

9. DRNC receives federal funds pursuant to the P&A Acts and is thereby obligated to provide protection and advocacy services for individuals with disabilities. Under the P&A Acts, DRNC is also authorized to investigate suspected incidents of abuse and neglect and to pursue administrative, legal and other remedies on behalf of individuals with disabilities. In order to carry out its investigative functions, DRNC is granted the authority to have access to individuals with disabilities in the locations where they receive services and to have access to their medical and other records under certain conditions. 42 U.S.C. § 10806(b)(2); 42 U.S.C. § 15043(I); 42 C.F.R. § 51.41; 45 C.F.R. § 1326.25(a).

10. MCDSS is the county social service agency governed by the McDowell County Board of County Commissioners, in conformity with the rules and regulations of the Social Services Commission and under the supervision of the Department of Health and Human Services. N.C. Gen Stat. §§ 108A-1, 153A-77. MCDSS assists families and individuals by "preventing abuse, neglect, and exploitation of vulnerable individuals in the community." McDowell County

Department of Social Services Home Page, http://www.mcdowellcountyncdss.org/ (last visited July 12, 2017). It is responsible for the implementation of state and federal human service programs, including "prompt and thorough evaluation to determine whether [a] disabled adult is in need of protective services." N.C. Gen. Stat. § 108A. Additionally, MCDSS partners with the N.C. Department of Health and Human Services, Division of Health Service Regulation to monitor conditions and conduct investigations in facilities licensed as Adult Care Homes under Chapter 131D of the N.C. General Statutes. N.C. Gen. Stat. §§ 131D-2.11(b), 131D-26. (Throughout this complaint, Defendant Sprouse and MCDSS sometimes will be referred to collectively as "MCDSS.")

11. Defendant Sprouse is the Director of MCDSS, as selected and overseen by the McDowell County Board of County Commissioners. N.C. Gen Stat. § 108A-9. Upon receiving an allegation of abuse, neglect, or exploitation of a disabled adult, Defendant shall make a prompt evaluation for the need of protective services and, if the disabled adult resides in an adult care home, investigate the complaint with respect to the facility's compliance with the law. N.C. Gen Stat. §§ 108A-103 and 131D-2.11.

12. Pursuant to state statute and regulations, Defendant has authority to maintain confidentiality of and to release the records of such investigations. N.C. Gen. Stat. § 108A-80; N.C. Gen. Stat. §§ 122C-52 and 54; 10A NCAC 69 .0504, .0505, .0508. All of Defendant Sprouse's complained-of actions were taken under color of state law for purposes of 42 U.S.C. § 1983. She is sued in her official capacity.

## FACTUAL ALLEGATIONS

13. Cedarbrook Residential Center ("Cedarbrook") is an assisted living facility located in Nebo, NC. It is licensed as an adult care home pursuant to Chapter 131D of the N.C. General Statutes.

14. On March 14, 2017, MCDSS completed a complaint investigation regarding the care and treatment, and alleged abuse and/or neglect, of residents at Cedarbrook. MCDSS did not substantiate the complaint, as it did not identify violations of the statutes or regulations governing adult care homes such as Cedarbrook.

15. On March 27, 2017, MCDSS provided DRNC with a Complaint Investigation Summary outlining the allegations MCDSS investigated and its findings.

16. On April 18, 2017, DRNC notified MCDSS, in writing, that it would be investigating the allegations of abuse and/or neglect referenced in the MCDSS Complaint Investigation Report. As part of that investigation, DRNC requested, in writing, MCDSS's full investigation file, including all documents MCDSS produced during their investigation, all draft and final reports prepared by MCDSS, and any records explaining the determination that the allegations were unsubstantiated. The letter provided detail concerning the statutory basis for the request.

17. MCDSS provided the requested documents to DRNC. However, these records were redacted and did not identify the names of the staff or residents interviewed as part of the MCDSS investigation.

18. On April 27, 2017, DRNC had a telephone discussion with counsel for MCDSS regarding the request for non-redacted records. At that time, counsel for MCDSS indicated his client's position that State confidentiality laws protected the redacted information and therefore it could not disclose such information to DRNC. Counsel sought further clarification for DRNC's

position that it has the authority to access the redacted information, and requested additional time to attempt to resolve the matter. Later on April 27, DRNC provided MCDSS with additional written information about its authority to access the information in question.

19. In mid- or late-May 2017, DRNC had a second telephone discussion with counsel for MCDSS. At that time, MCDSS continued to take the position that State law protected the redacted information, and declined to disclose such information to DRNC. After subsequent discussion with DRNC, counsel for MCDSS requested additional time to attempt to resolve the matter.

20. On June 28, 2017, counsel for MCDSS notified DRNC of its decision to deny DRNC's request for non-redacted records.

21. On June 29, 2017, counsel provided DRNC with written notification of MCDSS's decision. MCDSS declined to provide the non-redacted copies of the records previously provided to DRNC. MCDSS stated its position that DRNC already possessed the requested documents and that MCDSS had responded to DRNS's initial request in conformity with current state statutes and regulations.

## FACTUAL ALLEGATIONS

22. The PAIMI Act and its implementing regulations give DRNC, as North Carolina's designated P&A, the authority to investigate incidents of abuse and neglect of individuals with mental illness if the incidents are reported to the system or there is probable cause to believe the incidents occurred. 42 U.S.C. § 10805(a)(1)(A); 42 C.F.R. § 51.42(b). The DD Act, and by extension the PAIR Act (which endows DRNC the same general authorities as set forth in the DD Act), provides identical authority to investigate incidents of abuse and neglect of individuals with developmental and/or other disabilities. 29 U.S.C. § 794e(f)(2); 42 U.S.C. § 15043(a)(2)(I).

23. The PAIMI, PAIR and DD Acts, and the regulations implementing each Act, give DRNC the authority to access all individual records of:

> any individual [with a disability]
>
> a. who by reason of the mental or physical condition of such individual is unable to authorize the system to have such access;
>
> b. who does not have a legal guardian, conservator, or other legal representative, or for whom the legal guardian is the State; and
>
> c. with respect to whom a complaint has been received by the system or with respect to whom . . . there is probable cause to believe that such individual has been subject to abuse or neglect.
>
> U.S.C. § 10805(a)(4)(B); 42 U.S.C. § 15043(a)(2)(I)(ii); 42 C.F.R. § 51.42(b)(2); 45 C.F.R. § 1326.25(a)(2).

24. DRNC has received a complaint alleging abuse and/or neglect of residents of Cedarbrook Residential Center. Therefore, DRNC is entitled to access individual records pursuant to the authority granted by the P&A Acts.

25. The implementing regulations to the PAIMI Act define individual records to include "[r]eports prepared by an agency charged with investigating abuse, neglect, or injury occurring at a facility rendering care or treatment, or by or for the facility itself" that describe abuse, neglect or injury occurring at the facility, the steps taken to investigate such incidents, and supporting information relied upon in creating the report. 42 C.F.R. § 51.41(c)(2). The PAIR and DD Acts contain a nearly identical definition, specifying that such reports may be "prepared by a Federal, State or local governmental agency, or a private organization charging with investigating

7

Case 1:17-cv-00197-DLH   Document 1   Filed 07/21/17   Page 7 of 9

incidents of abuse or neglect, injury or death." 29 U.S.C. § 794e(f)(2); 42 U.S.C. § 15043(c)(2); 45 C.F.R. § 1326.25(b)(2).

26. MCDSS is charged with investigating allegations of abuse and/or neglect in adult care homes under State law. N.C. Gen. Stat. §§ 108A, 131D-2.11(b) and 131D-26. Therefore, any reports or documents generated during the MCDSS investigation of complaints of abuse and/or neglect at Cedarbrook Residential Center are considered records to which DRNC is entitled by the P&A Acts.

## CAUSE OF ACTION

27. By refusing DRNC's written request for access to non-redacted internal investigation records, Defendant Sprouse has deprived DRNC of its statutory rights under the P&A Acts, 29 U.S.C. § 794e *et seq.*, 42 U.S.C. §§ 10801 *et seq.* and §§ 15041 *et seq.*, and the regulations implementing the Acts.

28. Defendant's violation of the P&A Acts irreparably harms DRNC by preventing it from carrying out its responsibilities under the Acts.

29. Unless Defendant Sprouse is enjoined to provide DRNC the access required by the P&A Acts, DRNC will continue to be irreparably harmed and will be unable to protect and advocate for persons with disabilities as required by the P&A Acts.

## INJUNCTIVE RELIEF

30. Plaintiff adopts and restates the allegations set forth in paragraphs 1-29 of this complaint.

31. As a proximate result of Defendant's violation of the P&A Acts, DRNC has suffered, and will continue to suffer, irreparable harm for which there is no remedy at law.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

1. Enter a declaratory judgment that Defendant's refusal to provide the requested records violates the P&A Acts;

2. Enter permanent injunctive relief requiring the Defendant to provide Disability Rights NC with access to the requested non-redacted internal investigation records;

3. Retain jurisdiction over this action to ensure Defendant's compliance with the mandates of the P&A Acts;

4. Award DRNC attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

5. Award such other, further or different relief as the Court deems equitable and just.

This 21st day of July, 2017.                    Respectfully submitted,

/s/ Kristine L. Sullivan
Kristine L. Sullivan, N.C. State Bar No. 35595
kristine.sullivan@disabilityrightsnc.org
*Attorney for Plaintiff*
DISABILITY RIGHTS NC
3724 National Drive, Suite 100
Raleigh, NC 27612
Phone: (919) 856-2195
Fax: (919) 856-2244

9