IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
No. 1:17-cv-00197

| | |
|---|---|
| DISABILITY RIGHTS NORTH CAROLINA, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>)<br>) |
| LISA G. SPROUSE in her official capacity as Director of MCDOWELL COUNTY DEPARTMENT OF SOCIAL SERVICES, | ) PLAINTIFF'S MEMORANDUM IN<br>) SUPPORT OF PLAINTIFF'S MOTION<br>) FOR JUDGMENT ON THE PLEADINGS<br>)<br>) |
| Defendant. | )<br>)<br>)<br>) |

Pursuant to Local Rule 7.1(C), Plaintiff files this Memorandum in Support of Plaintiff's Motion for Judgment on the pleadings.

**INTRODUCTION AND PROCEDURAL HISTORY**

Plaintiff, Disability Rights North Carolina ("DRNC"), brought this action for declaratory and injunctive relief pursuant to the Protection and Advocacy for Individuals with Mental Illness Act ("the PAIMI Act"), 42 U.S.C. §§ 10801 *et seq.*, the Developmental Disabilities Assistance and Bill of Rights Act ("the DD Act"), 42 U.S.C. §§ 15001 *et seq.*, and the Protection and Advocacy of Individual Rights Program ("the PAIR Act"), 29 U.S.C. § 794e (collectively referred to as "the P&A Acts"). By this action, DRNC challenges the refusal of the Defendant, Lisa G. Sprouse, acting in her official capacity as Director of McDowell County Department of Social Services ("MCDSS"), to provide DRNC with records to which DRNC is legally entitled.

DRNC seeks MCDSS's full, non-redacted investigation file regarding the investigation is completed on March 14, 2017 regarding Cedarbrook Residential Center.

Defendant Sprouse filed and served her Answer on August 15, 2017 (Doc. 7). In it, Defendant admits all issues of material fact – that DRNC requested non-redacted investigation records, and that Defendant refused to provide DRNC with such records. The Answer asserts a Motion to Dismiss "for failure to state a claim for which relief can be granted" pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Answer contains no affirmative defense(s); Defendant asserts that the records are protected by unspecified State confidentiality laws.

## STANDARD OF REVIEW: RULE 12(c)

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is analyzed under the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *See Independence News, Inc. v. City of Charlotte*, 568 F.3d 148, 154 (4th Cir. 2009). The party moving for judgment on the pleadings must demonstrate that, when viewed in the light most favorable to the non-moving party, there are no disputed issues of material fact and the case may be decided as a matter of law. *See Smith v. McDonald*, 562 F. Supp. 829, 842 (M.D.N.C. 1983), *aff'd*, 737 F.2d 427 (4th Cir. 1984).

## ARGUMENT

**I. There is no genuine issue of material fact in the present case.**

In her Answer, Defendant Sprouse admits all facts that are material to the disposition of this case. Defendant does not deny that she is the Director of MCDSS and, as such, she has the

authority to maintain confidentiality of and to release the records of MCDSS investigations. (Ans. ¶¶ 11-12). Defendant admits that DRNC requested non-redacted investigation records regarding MCDSS's investigation completed on March 14, 2017, and that Defendant declined to provide DRNC with these records. (*Id.* At ¶¶ 16-20).

Indeed, Defendant's Answer only denies legal allegations contained in DRNC's complaint. For example, in paragraph 23 of the Complaint, DRNC asserted that it is entitled to access the requested, non-redacted investigation records pursuant to the P&A Acts. In paragraph 22[1] of the Answer, Defendant denies that the cited P&A acts give DRNC the legal authority to access the non-redacted records. This is the sole legal issue at the heart of the controversy before the Court, not an issue of fact.

## II. Plaintiff is entitled to judgment as a matter of law.

DRNC asserts that Defendant has refused to disclose non-redacted records to which it is entitled pursuant to the P&A Acts. Defendant's Motion to Dismiss lacks legal merit, as this Court has previously found that DRNC, in nearly identical circumstances, appropriately stated its claim for declaratory and injunctive relief. *Disability Rights N.C. v. Frye Reg'l Med. Ctr., Inc.*, 2014 U.S. Dist. LEXIS 158306 (W.D.N.C. Nov. 7, 2014). *See also Disability Rights N.C. v. Moses H. Cone Mem. Hosp. Operating Corp.*, 2013 U.S. Dist. LEXIS 7142, 2013 WL 179034 (M.D.N.C. Jan. 17, 2013), *motion for judgment on the pleadings granted*, 2013 U.S. Dist. LEXIS 129367, 2013 WL 4854316 (M.D.N.C. Sept. 11, 2013).

Defendant fails to raise any affirmative defense, and the allegation that unspecified State confidentiality laws prohibit DRNC from accessing the requested records is unavailing. It is

---

[1] The numbered paragraphs in the Answer match those in the Complaint until Ans. ¶ 17. That paragraph references information contained in Compl. ¶ 18. The remainder of paragraphs in the Answer reflect a number that is one lower than the related paragraph in the Complaint. So Ans. ¶ 22 is responsive to Compl. ¶ 23.

3

settled law in North Carolina that the PAIMI Act preempts State confidentiality laws. *Frye Reg'l* at \*6-\*10; *Moses H. Cone*, 2013 U.S. Dist. LEXIS 129367. The DD and PAIR Acts similarly preempt State confidentiality law. Therefore, DRNC is entitled to judgment in its favor as a matter of law.

## III. Defendant's Motion to Dismiss does not prevent Plaintiff from prevailing on its claims.

Defendant asserts that DRNC failed to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. DRNC has stated a claim upon which relief can be granted. As the duly-designated Protection and Advocacy System (P&A) for North Carolina, DRNC is authorized to seek legal and equitable relief against organizations that deprive it of federally protected rights. *See Va. Office for Prot. & Advocacy v. Stewart*, 131 S. Ct. 1632, 1636 (2011). DRNC's complaint asserts an ongoing violation of federal law: Defendant's continuing refusal to provide documents to which DRNC has a legal right under the PAIMI Act, the DD Act, and the PAIR Act (Compl. ¶¶ 21-27). DRNC has sought prospective declaratory and injunctive relief from this Court to resolve the dispute. Plaintiff's Complaint properly states a claim upon which this Court may grant relief.

In a substantially similar matter, the district court for the Middle District of North Carolina denied the defendant's Rule 12(b)(6) motion to dismiss DRNC's complaint. In *Disability Rights N.C. v. Moses H. Cone Mem. Hosp. Operating Corp.*, 2013 U.S. Dist. LEXIS 7142, 2013 WL 179034 (M.D.N.C. Jan. 17, 2013), DRNC sought peer review records from a hospital. The defendant hospital asserted the records were protected by State peer review privilege, and DNRC could not access these records. The court denied the defendant's motion to

4

dismiss, finding that DRNC had stated a claim upon which relief could be granted, i.e. a violation of the PAIMI Act.

This Court adopted the same reasoning in denying the defendant's motion to dismiss in *Disability Rights N.C. v. Frye Reg'l Med. Ctr., Inc.*, 2014 U.S. Dist. LEXIS 158306 (W.D.N.C. Nov. 7, 2014), where DRNC also sought peer review records from a hospital. *See also Va. Office for Prot. & Advocacy v. Reinhard*, 2008 U.S. Dist. LEXIS 54922, *6 (E.D. Va. July 18, 2008) (denying defendant's motion to dismiss, as the P&A "clearly alleged an ongoing violation of federal law: that the Defendants refuse to provide records that are required to be provided to VOPA by the PAIMI and DD Acts."), *rev'd*, *remanded in Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247 (2011) (reversed on issue of sovereign immunity where a state agency sues official of another agency of the same state).

DRNC's Complaint in the present matter asks for the same relief as the cited cases: declaratory and injunctive relief requiring Defendant to provide access to the requested records pursuant to its authority as the P&A for North Carolina. As such, DRNC has stated a claim upon which relief can be granted, and Defendant's Motion to Dismiss does not prevent DRNC from prevailing as a matter of law.

**IV. Defendant's assertion that the records are protected by unspecified State confidentiality law does not prevent Plaintiff from prevailing on its claims.**

In her Answer, Defendant does not identify any particular State law or privilege that prevents DRNC from accessing the requested records. Defendant merely incorporates her verbal and written assertions that unspecified "State confidentiality law" protects the redacted information from disclosure to DRNC. As such, DRNC cannot address whether these unidentified laws apply to the records in question.

Assuming State law generally limits access to the requested records, Defendant's position ignores the plain language of the P&A Acts, federal regulations and case law regarding Congressional intent that the P&A Acts preempt state laws restricting access to records. Regarding the DD Act, it is clear that the U.S. Department of Health and Human Services ("HHS") intended the DD Act to preempt state law. In July of 2015, HHS finalized revisions to the regulations implementing the DD Act, which grant DRNC the authority to access "individual records" of persons with developmental disabilities under certain circumstances. 45 C.F.R. § 1326.25. "Individual records" are defined to include "[r]eports prepared by a Federal, State or local governmental agency… charged with investigating incidents of abuse or neglect, injury or death…, *regardless of whether they are protected by federal or state law.*" § 1326.25(b)(2) (emphasis added). The plain language of the regulation makes clear that state confidentiality law(s) cannot be used to shield records, including investigation reports, from access by the P&A.

Similarly, the PAIMI Act entitles DRNC to "have access to all records of" an individual with mental illness. 42 U.S.C. § 10805(a)(4)(A). The definition of records under the PAIMI Act encompasses "reports prepared by an agency charged with investigating reports of incidents of abuse, neglect and injury… and the steps taken to investigate such incidents." § 10806(b)(3)(A). The PAIMI Act specifies,

> If the laws of a State prohibit an eligible [P&A] system from obtaining access to the records of an individual… in accordance with section 105(a)(4) [42 U.S.C. § 10805(a)(4)(A)] and this section [*Id.* § 10806(b)(3)(A)], section 105(a)(4) and this section shall not apply to such system before – (i) the date such system is no longer subject to such a prohibition; or (ii) the expiration of the 2-year period beginning on the date of the enactment of this Act [enacted May 23, 1986], whichever comes first.

*Id.* § 10806(b)(2)(C). In other words, if state law prohibits DRNC from accessing MCDSS's full investigation records in accordance with the PAIMI Act, the prohibition shall not apply to DRNC

after May 23, 1988. The PAIMI Act therefore directs that Defendant may no longer invoke state law to prohibit DRNC from accessing MCDSS's full, non-redacted investigation records. The statutory language demonstrates Congress's intent to preempt state law beginning two years after the passage of the PAIMI Act. Therefore, the PAIMI Act preempts North Carolina law governing the confidentiality of MCDSS investigation records.

Under the Supremacy Clause of the United States Constitution, state law is preempted by federal law in three circumstances. First, "Congress can define explicitly the extent to which its enactments pre-empt state law" through explicit statutory language. *See English v. General Elec. Co.*, 496 U.S. 72, 78-79 (1990) (*citing Schneidewind v. ANR Pipeline Co.*, 485 U.S. 293, 299 (1988)). Second, "in the absence of explicit statutory language, state law is pre-empted where it regulates conduct in a field that Congress intended the Federal Government to occupy exclusively." *Id.* Finally, state law is preempted where it actually conflicts with federal law. *Id.* In the present case, both the DD and PAIMI Acts explicitly demonstrate Congress's intent to preempt state law protecting MCDSS records from disclosure. The Acts also demonstrate Congress intent to exclusively regulate the P&A's access authority. Finally, if unspecified State law prevents the disclosure of the records in question, such law conflicts with federal law and is therefore preempted.

**V. It is settled law that the P&A Acts preempt state confidentiality laws.**

A number of federal courts have considered the question of whether the P&A Acts are intended to preempt state law protecting investigation records. In North Carolina, both District Courts to consider the issue have held that state law conferring privilege upon peer review records (i.e. medical investigation records) is preempted by the PAIMI Act. In *Moses H. Cone*, DRNC sought peer review records from a hospital. The defendant hospital asserted the records

were protected by State peer review privilege, and DNRC could not access these records. In granting DRNC's motion for judgment on the pleadings, the court incorporated by references its order denying the defendant's motion to dismiss, which stated, "[Each court of appeals to have considered this issue has] found that the PAIMI Act's plain language evinces clear congressional intent to preempt state privilege laws to the extent they would prevent protection and advocacy systems from accessing peer review records. Thus, protection and advocacy systems are entitled to access peer review records covered by the PAIMI Act 'irrespective of state law.'" 2013 U.S. Dist. LEXIS 7142, *16 (internal citations omitted). This Court adopted the same reasoning in denying the defendant's motion to dismiss in *Frye Reg'l.*, where DRNC also sought peer review records from a hospital. 2014 U.S. Dist. LEXIS 158306. Each federal circuit court to consider the matter of privilege and preemption in the context of P&A access authority have similarly found in favor of the P&A. *See Prot. & Advocacy for Pers. With Disabilities v. Mental Health & Addiction Servs.*, 448 F.3d 119 (2nd Cir. 2006); *Pennsylvania Prot. & Advocacy, Inc. v. Houston*, 228 F.3d 423 (3rd Cir. 2000); *Ind. Prot. and Advocacy Servs. v. Ind. Family and Soc. Servs. Admin.*, 603 F.3d 365 (7th Cir. 2010), *cert. denied*, 131 S. Ct. 2149 (2011); *Mo. Prot. & Advocacy Servs. v. Mo. Dep't of Mental Health*, 447 F.3d 1021 (8th Cir. 2006); *Ctr. for Legal Advocacy v. Hammons*, 323 F.3d 1262 (10th Cir. 2003); *Va. Office for Prot. & Advocacy v. Reinhard*, 2008 U.S. Dist. LEXIS 54922 (E.D. Va. 2008); *Wisconsin Coalition for Advocacy, Inc. v. Czaplewski*, 131 F. Supp. 2d 1039 (E.D. Wis. Jan. 16, 2001).

## **CONCLUSION**

There is no need for the parties or the Court to expend any additional resources on this dispute, as there are no genuine issues of material fact, and Plaintiff has shown it is entitled to

8
Case 1:17-cv-00197-DLH   Document 11   Filed 09/01/17   Page 8 of 10

judgment as a matter of law. Plaintiff has met its burden of showing that it is entitled to judgment on the pleadings. As such, Plaintiff requests the Court grant judgment in its favor, and order the relief sought.

Respectfully submitted, this 1st day of September, 2017.

/s/ Kristine L. Sullivan
Kristine L. Sullivan, N.C. Bar No. 35595
kristine.sullivan@disabilityrightsnc.org
*Attorney for Plaintiff*
DISABILITY RIGHTS NC
3724 National Drive, Suite 100
Raleigh, NC 27612
Telephone: (919) 856-2195
Fax: (919) 856-2244

Certificate of Service

The undersigned hereby certifies that on September 1, 2017, I electronically filed the foregoing Motion for Judgment on the Pleadings with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Aaron G. Walker
Aaron.walker@mcdowellcountyncdss.org

Respectfully submitted,

/s/ Kristine L. Sullivan
Kristine L. Sullivan, N.C. Bar No. 35595
kristine.sullivan@disabilityrightsnc.org
DISABILITY RIGHTS NC
3724 National Drive, Suite 100
Raleigh, NC  27612
Telephone: (919) 856-2195
Fax: (919) 856-2244