**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:17CV197**

| | | |
|---|---|---|
| **DISABILITY RIGHTS OF NORTH CAROLINA,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **ORDER** |
| **LISA G. SPROUSE,** in her official capacity as Director of McDowell County Department of Social Services, | ) ) ) ) | |
| **Defendant.** | ) ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's Renewed Motion for Judgment on the Pleadings (# 19). The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons addressed below, Plaintiff's Renewed Motion for Judgment on the Pleadings will be GRANTED.

### I.       Factual and Procedural Background

On July 21, 2017, Plaintiff filed its Complaint in this Court seeking injunctive relief, declaratory judgment, permanent injunctive relief, attorneys' fees and costs, and requesting that this Court retain jurisdiction over the action to ensure Defendant's compliance. See Compl. (# 1). On August 15, 2017, Defendant filed an Answer and Motion to Dismiss (# 7). On August 29, 2017, Plaintiff filed a notice of intent not to respond to Defendant's Motion to Dismiss (# 8).

On September 1, 2017, Plaintiff filed a Motion for Judgment on the Pleadings (# 10) and Memorandum in Support (# 11). On the same day, the parties consented to jurisdiction by the United States Magistrate Judge (# 13), and the case was reassigned to the undersigned.

On April 10, 2018, the Court denied without prejudice to renew Plaintiff's Motion for Judgment on the Pleadings. On April 30, 2018, Plaintiff filed its First Amended Complaint (# 17), which is the operative complaint. In its First Amended Complaint, Plaintiff alleges the following:

Cedarbrook Residential Center ("Cedarbrook") is an assisted living facility located in Nebo, North Carolina. 1st Am. Compl. (# 17) ¶ 13. Cedarbrook is licensed as an adult care home under Chapter 131D of the North Carolina General Statutes. Id.

On March 14, 2017, McDowell County Department of Social Services ("MCDSS") concluded a complaint investigation into the care, treatment, and alleged abuse and/or neglect of residents at Cedarbrook. Id. ¶ 14. MCDSS failed to substantiate the complaint because it did not identify violations of the statutes or regulations governing adult care homes like Cedarbrook. Id.

On March 27, 2017, MCDSS provided Plaintiff[1] with a Complaint Investigation Summary that outlined the allegations MCDSS investigated and its determinations. Id. ¶ 15. On April 18, 2017, Plaintiff advised MCDSS, in writing, that it would be investigating the claims of abuse and/or neglect referenced in the MCDSS Complaint Investigation Report. Id. ¶ 16.

In conjunction with that investigation, Plaintiff requested, in writing, MCDSS's full investigation file, to include all documents MCDSS produced during the investigation, all draft and final reports prepared by MCDSS, and all records explaining the determination that the allegations were unsubstantiated. Id. The letter included details regarding the statutory basis for the request. Id. MCDSS turned over the requested documents to Plaintiff, but the documents had been redacted and failed to identify the names of the staff or residents interviewed in conjunction with the MCDSS investigation. Id. ¶ 17.

---

[1] Plaintiff "is the duly-designated Protection and Advocacy System for individuals with disabilities." 1st Am. Compl. (# 17) ¶ 2. In its role, Plaintiff "is entrusted, empowered and obligated to protect the civil rights of individuals with disabilities in the state of North Carolina." Id.

On April 27, 2017, Plaintiff engaged in a telephone discussion with Defendant's counsel regarding its request for non-redacted records. <u>Id.</u> ¶ 18. At that time, Defendant's counsel stated his client's position that state confidentiality laws protected the redacted information; thus, MCDSS was unable to disclose the information to Plaintiff. <u>Id.</u> Defendant's counsel sought additional clarification for Plaintiff's position that it had the authority to access the redacted material and sought more time to attempt to resolve the matter. <u>Id.</u> Later that same day, Plaintiff provided Defendant with additional written material about its authority to access the information at issue. <u>Id.</u>

In mid- or late-May 2017, Plaintiff engaged in a second telephone discussion with Defendant's counsel. <u>Id.</u> ¶ 19. At that time, Defendant maintained its position that state law protected the redacted material and declined to disclose the information to Plaintiff. <u>Id.</u> Following a subsequent discussion with Plaintiff, Defendant's counsel requested additional time to attempt to settle the matter. <u>Id.</u>

On June 28, 2017, Defendant's counsel advised Plaintiff of the decision to deny Plaintiff's request for the non-redacted materials. <u>Id.</u> ¶ 20. The next day, Defendant's counsel provided Plaintiff with written notice of Defendant's decision. <u>Id.</u> Defendant failed to provide the requested non-redacted copies of the records. <u>Id.</u> ¶ 21. Defendant stated its position that Plaintiff had the requested documents, and Defendant had answered Plaintiff's first request consistent with current state statutes and regulations. <u>Id.</u>

On May 8, 2018, Defendant filed her Motion to Dismiss and Answer to the First Amended Complaint (# 18). On May 14, 2018, Plaintiff filed a Renewed Motion for Judgment on the Pleadings (# 19) and Memorandum in Support (# 20). The time for Defendant to respond has passed, and Plaintiff's Renewed Motion for Judgment on the Pleadings (# 19) stands unopposed.

## II.     Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The court applies the same standard to a motion for judgment on the pleadings that is applied to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). PETA v. U.S. Dep't of Agric. 861 F.3d 502, 506 (4th Cir. 2017); Burbach Broadcasting Co. of Delaware v. Elkins Radio Corp., 278 F.3d 401, 406 (4th Cir. 2002). In both cases, the court views the facts and reasonable inferences in favor of the plaintiff. Belmora LLC v. Bayer Consumer Care AG, 819 F.3d 697, 702 (4th Cir. 2016); Massey v. Ojaniit, 759 F.3d 343, 353 (4th Cir. 2014).

A Rule 12(c) motion limits the court's review to the pleadings. A. S. Abell Co. v. Balt Typographical Union No. 12, 338 F.2d 190, 193 (4th Cir. 1964). When the parties don't dispute their authenticity, the documents attached to pleadings may also be considered by the court. Unitrin Auto & Home Ins. Co. v. Siarris, No. 3:14-CV-50, 2015 WL 457630, at *2 (W.D.N.C. Feb. 3, 2015), aff'd, 615 F. App'x 164 (4th Cir. 2015). Judgment on the pleadings is proper when no set of facts would entitle the plaintiff to relief under his claim. Gibby v. Int'l Bus. Machines Corp., 155 F.3d 559, 1998 WL 454089, at *1 (4th Cir. 1998) (per curiam) (unpublished).

## III.     Discussion

### 1.  There is no genuine issue of material fact in this case.

Plaintiff initially argues that there is no genuine issue of material fact in this case. Pl.'s Mem. Supp. (# 20) at 2-3. In Defendant's Answer to the First Amended Complaint, she admits those factual allegations that are material to the disposition of this case. For example, Defendant does not deny that she is the Director of MCDSS. Ans. 1st Am. Compl. (# 18) ¶ 11. Thus, Defendant possesses the authority to maintain confidentiality of and to release records of MCDSS

investigations.  Id. ¶ 12.  In fact, Defendant admits that Plaintiff sought non-redacted investigation records documenting MCDSS's investigation that was completed on March 14, 2017, yet Defendant declined to provide the records to Plaintiff.  Id. ¶¶ 16-20.

Defendant's Answer to the First Amended Complaint only denies legal allegations contained in Plaintiff's First Amended Complaint.  See Ans. 1st Am. Compl. (# 18).  For instance, in paragraph 23 of the First Amended Complaint, Plaintiff alleges that it is entitled to access the requested, non-redacted investigation records under the following Acts:  the Protection and Advocacy for Individuals with Mental Illness Act ("the PAIMI Act"), 42 U.S.C. § 10801 et seq.; the Developmental Disabilities Assistance and Bill of Rights Act ("the DD Act"), 42 U.S.C. § 15001 et seq.; and the Protection and Advocacy of Individual Rights Program ("the PAIR Act"), 29 U.S.C. § 794e.  1st Am. Compl. (# 17) ¶ 23.  In Defendant's Answer to the First Amended Complaint, she denies that the PAIMI Act, the DD Act, and the PAIR Act give Plaintiff the legal authority to access the non-redacted records.  Ans. 1st Am. Compl. (# 18) ¶ 23.  This legal issue is at the heart of the controversy before this Court.

### 2.  Plaintiff is entitled to judgment as a matter of law.[2]

Next, Plaintiff argues that it is entitled to judgment as a matter of law.  Pl.'s Mem. Supp. (# 20) at 3-4. In pertinent part, Plaintiff alleges that Defendant refused to disclose the non-redacted records to which it is entitled pursuant to the PAIMI Act, the DD Act, and the PAIR Act.  1st Am. Compl. (# 17) ¶ 1. Defendant fails to raise any affirmative defenses.  See Ans. 1st Am. Compl. (# 18).  Moreover, Defendant's contention that state confidentiality laws prohibit Plaintiff from accessing the requested records must fail.  See Disability Rights N.C. v. Frye Reg. Med. Ctr., Inc.,

---

[2] Citing Disability Rights N.C. v. Frye Reg'l Med. Ctr., Inc., No. 5:13-CV-102, 2014 WL 5810458 (W.D.N.C. Nov. 7, 2014), Plaintiff argues that "this Court has previously found that [Disability Rights of North Carolina], in nearly identical circumstances, appropriately stated its claim for declaratory and injunctive relief."  Pl.'s Mem. Supp. (# 20) at 3.  Unfortunately, the Court fails to see that this argument is supported by the case cited.

No. 5:13-CV-102, 2014 WL 5810458, at *3, *4 (W.D.N.C. Nov. 7, 2014) (recognizing that "the state law is preempted by the PAIMI Act"). Consequently, Plaintiff is entitled to judgment as a matter of law.

### 3. Defendant's Renewed Motion to Dismiss does not preclude Plaintiff from prevailing on its claims.

Plaintiff next argues that Defendant's Renewed Motion to Dismiss does not prevent Plaintiff from prevailing on its claims. Pl.'s Mem. Supp. (# 20) at 4-5. In its Answer to the First Amended Complaint/Motion to Dismiss (# 18), Defendant argues that Plaintiff has failed to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Pursuant to this Court's Local Rules, "Motions to dismiss in answers to complaints . . . are deemed to be made merely to preserve the issue and will <u>not</u> be addressed by the Court. A party seeking a decision on a preserved motion must file a separate motion and supporting brief." LCvR 7.1(c)(1) (emphasis added). This Court's Local Rules further provide that "Rule 12 motions contained in an Answer, but not supported by a brief, act as placeholders[.] LCvR 16.1(d).

In the instant case, Defendant's Motion to Dismiss is not supported by a brief. In fact, Defendant's Motion to Dismiss, in its entirety, provides: "Defendant hereby moves the Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Plaintiffs' [sic] Amended Complaint as to Defendant for failure to state a claim for which relief can be granted." Ans. Am. Compl. (# 18) at 1. Because Defendant's Renewed Motion to Dismiss merely serves as a placeholder, Defendant's Renewed Motion to Dismiss does not preclude Plaintiff from prevailing on its claims.

### 4. Defendant's vague contention that the records are protected by unspecified state confidentiality laws does not preclude Plaintiff from prevailing on its claims.

Plaintiff argues that Defendant's assertion that the records are protected by unspecified

state confidentiality law does not prevent Plaintiff from prevailing on its claims. Pl.'s Mem. Supp. (# 20) at 5-7. Defendant admits that she "indicated that State confidentiality laws protected the redacted information and therefore it could not disclose such information to the Plaintiff." Ans. 1st Am. Compl. (# 18) ¶ 18. Because Defendant fails to identify <u>which</u> state confidentiality law it is relying upon, Plaintiff cannot address whether these unidentified laws apply to the instant situation.

**5. The PAIMI Act, the DD Act, and the PAIR Act preempt state confidentiality laws.**

Finally, Plaintiff argues that the PAIMI Act, the DD Act, and the PAIR Act preempt state confidentiality laws. Pl.'s Mem. Supp. (# 20) at 7-8. The Supremacy Clause provides that "when federal and state law conflict, federal law prevails and state law is preempted."[3] <u>Murphy v. Nat'l Collegiate Athletic Ass'n</u>, --- U.S. ---, 138 S. Ct. 1461, 1476 (2018). Federal law can preempt state law in the following three ways: (1) "express" preemption, which arises where federal law expressly declares an intention to preempt state law; (2) "conflict" preemption, which arises where the state and federal laws conflict; and (3) "field" preemption, which arises where federal law is said to occupy the field by regulating pervasively and failing to leave room for the states to supplement federal law. <u>J.O.C. Farms, L.L.C. v. Fireman's Fund Ins. Co.</u>, --- F. App'x ---, 2018 WL 2979502, at *1 (4th Cir. June 13, 2018) (per curiam).

In the instant case, the Court concludes that Plaintiff's position is supported by case law. <u>See</u> <u>Frye Reg. Med. Ctr., Inc.</u>, 2014 WL 5810458, at *3 (concluding that the PAIMI Act preempts North Carolina's peer review privilege by "express" preemption); <u>Disability Rights N.C. v. Mem. Hosp. Operating Corp.</u>, No. 1:11CV812, 2013 WL 179034, at *5 (M.D.N.C. Jan. 17, 2013)

---

[3] "[A] federal regulation has the same preemptive effect as a federal statute." <u>McCauley v. Home Loan Inv. Bank, F.S.B.</u>, 710 F.3d 551, 554 (4th Cir. 2013).

(recognizing that courts that have addressed it "have found that the PAIMI Act's plain language evinces clear congressional intent to preempt state privilege laws to the extent they would prevent protection and advocacy systems from accessing peer review records."); see also Matter of Disability Rights Request for Ada Cty. Coroner Records Relating to the Death of D.T., 168 F. Supp. 3d 1282, 1294 (D. Idaho Mar. 7, 2016) ("Federal courts interpreting PAIMI have consistently concluded that the access to records provided by PAIMI preempts state law providing greater restrictions on access."); Dunn v. Dunn , 163 F. Supp. 3d 1196, 1211 (M.D. Al. Jan. 27, 2016) ("PAIMI expressly preempts state privilege law.").

## IV. Conclusion

Considering the foregoing, Plaintiff's Renewed Motion for Judgment on the Pleadings (# 19) is GRANTED, and judgment is to be entered in Plaintiff's favor on its claims. The clerk is respectfully instructed to close the case.


Signed: August 9, 2018


Dennis L. Howell
United States Magistrate Judge